# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| CAROLYN LOVE, KIERRA LEE, and JANEEN LACEY, individually and on behalf of themselves and other similarly situated current and former employees, | |
| Plaintiffs, | |
| v. | No. 17 CV 02572 (JPM) (DKV) **FLSA Opt-In Collective Action** |
| CAMBRIDGE FRANCHISE HOLDINGS, LLC, a Delaware Limited Liability Company, and MIRABILE INVESTMENT CORPORATION, a Tennessee Corporation, | |
| Defendants. | |
| DOROTHY McGEE and MARKEGIOUS POLK, individually and on behalf of themselves and other similarly situated current and former employees, | |
| Plaintiffs, | |
| v. | No. 17 CV 02884 (JPM) (DKV) **FLSA Opt-In Collective Action** |
| CAMBRIDGE FRANCHISE HOLDINGS, LLC, a Delaware Limited Liability Company and MIRABILE INVESTMENT CORPORATION, a Tennessee Corporation, | |
| Defendants. | |
| MARNITA A. VAUGHN and ADDIE R. TURNER, individually and on behalf of themselves and other similarly situated current and former employees, | |
| Plaintiffs, | |
| v. | No. 17 CV 02583 (JPM) (DKV) **FLSA Opt-In Collective Action** |
| CAMBRIDGE FRANCHISE HOLDINGS, LLC, a Delaware Limited Liability Company and MIRABILE INVESTMENT CORPORATION, a Tennessee Corporation, | |
| Defendants. | |

### ORDER GRANTING JOINT MOTION FOR APPROVING THE SETTLEMENT, DESIGNATION OF THE CLASS, NOTICE, INCENTIVE PAYMENTS, AND FEE AWARD

Before the Court is the Parties' Joint Motion for Approval of the Settlement. For good cause shown, the Joint Motion is **GRANTED**. The Court has reviewed the Parties' Settlement Agreement and Release, dated as of August 8, 2018 ("the Settlement Agreement").

The Court finds that the Settlement Agreement was reached as a result of contested litigation, and is a fair and reasonable resolution of a *bona fide* dispute between the Parties. Specifically, the Court finds (1) no existence of fraud or collusion behind the settlement based upon the representation of counsel; (2) each of the above-captioned cases presents complex factual issues and that it would be financially burdensome for the parties to proceed further with each of the above-captioned cases; (3) the settlement was reached with significant amounts of discovery remaining in each of the above-captioned cases; (4) Plaintiffs may not prevail at all or may recover less than they are seeking; (5) the settlement amount is reasonable given the range of likely recovery at trial; and (6) each opt-in plaintiff has agreed to the settlement after a thorough review with counsel, and both parties' counsel agree that the settlement is fair and reasonable. See Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010); Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982). The Court also finds that the lack of restrictive confidentiality provisions, the settlement amounts indicated, and the amount of attorney's fees in the proposed settlement agreement meet the remedial purpose underlying the FLSA. Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2nd Cir. 2015). Accordingly, the Court approves of the financial terms set forth in the Settlement Agreement.

The Court further approves the certification of the Opt-In Class for each respective action, with Class Members and the Class Period to be defined as set forth in the Settlement Agreement.

The Court further approves the Parties' agreed-to Notice. The Notice shall be sent to all Class Members (as defined in the Settlement Agreement) as soon as practical, but in no event later than September 8, 2018.

The Court further approves of an award of $3,000 to each named Plaintiff as an incentive payment, in addition to any amount such Plaintiffs may receive as a Class Member independent of his/her role as a representative Plaintiff.

The Court further approves of an award of attorneys' fees to Plaintiffs' Counsel in the amount of $83,325.00, representing its claim for statutory attorneys' fees and $9,100.00, representing its claim for expenses.

The Court shall maintain jurisdiction over the Settlement Agreement to resolve any disputes that arise thereunder.

The Parties' Joint Motion is **GRANTED**.

**SO ORDERED**, this 9th day of August, 2018.

                                         /s/ Jon P. McCalla
                                         JON P. McCALLA
                                         UNITED STATES DISTRICT JUDGE